Roger G. Perkins (SBN 86617)
RPerkins@ClarkHill.com
David W. Corneil (SBN 286030)
DCorneil@ClarkHill.com
**CLARK HILL LLP**
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone:   (619) 557-0404
Facsimile:   (619) 557-0460

Attorneys for Defendant
FCA US LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DINAPOLI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>(Los Angeles Superior court Case No.: BC694568)<br><br>**NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332 and 1441 (b); DIVERSITY JURISDICTION]** |

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FCA US LLC, a Delaware limited liability company ("FCA"), hereby removes this action from the California Superior Court for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§1332 and 1441(b) and alleges as follows:

**I.     DESCRIPTION OF ACTION.**

On March 8, 2018, Plaintiff JOSEPH DINAPOLI ("Plaintiff") filed this action against FCA in the Superior Court of the State of California for the County of Los Angeles. On March 8, 2018, Plaintiff served FCA with the complaint. *See* Declaration of David W. Corneil ("Corneil Decl.") ¶ 2.

The action is tilted *JOSEPH DINAPOLI, an individual v. FCA US LLC and DOES 1 through 20, inclusive,* and bears case number BC694568. A true and correct copy of the Complaint is attached to the Declaration of David W. Corneil as **Exhibit A**.

In summary, Plaintiff is alleging that on or about July 6, 2015, Plaintiff purchased a new 2015 RAM 1500 at a purchase price of $50,099.36, vehicle identification number 1C6RR6FM8FS676856 (hereinafter "subject vehicle"), which was manufactured by FCA. *See* ("Corneil Decl.") ¶ 3, Ex. A [Compl., 2:21-24].

The Complaint purports to allege two causes of action against FCA: (1) breach of implied warranty of merchantability under Song-Beverly Warranty Act; (2) breach of express warranty under Song-Beverly Warranty Act. Corneil Decl. ¶ 4, Ex. A [Compl., 4:13-15; 6:7-10]. FCA denies these allegations.

Plaintiff's prayer for relief includes claims for a "civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages" "actual attorney's fees" "costs of suit and expenses" actual damages, consequential and incidental damages, and prejudgment at the legal rate. Plaintiff is also seeking recovery of the purchase price of the vehicle. Corneil Decl. ¶ 5, Ex. A [Compl., 8:4-15].

**II.     TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL.**

On March 8, 2018, FCA was served with the Summons and Complaint. Corneil Decl. ¶ 2. According to 28 U.S.C. § 1446(b), a notice of removal must be filed by April 9, 2018. Fed. R. Civ. Proc. 6(a)(1)(A)-(C). Accordingly, FCA's Notice of Removal is timely.

FCA consents to removal of this matter. Corneil Decl. ¶ 6. *See* 28 U.S.C. § 1446(b)(2)(A); *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009). FCA is not aware of the existence of or service on any "Doe" defendant. Consequently, no consent from any other party to removal is required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1998).

## III. REMOVAL BASED ON DIVERSITY JURISDICTION.

This Court possesses original diversity jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between a citizen of California and citizens of states other than California and the matter in controversy exceeds the sum or value of $75,000.

### A. Complete Diversity Exists.

The Supreme Court held "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "Individuals are citizens of their state of domicile." *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (1981); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). A corporation is a "citizen" both of the state in which it was incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c).

Here, the requirements for diversity of citizenship are satisfied. Defendant FCA US LLC is a limited liability company, organized as such under the laws of the State of Delaware. *See* Declaration of Kris Krueger ("Krueger Decl.") ¶ 2. The sole member of FCA US LLC is FCA North American Holding, LLC, a limited liability company organized under the laws of the State of Delaware. Krueger Decl., ¶ 3. The sole member of FCA North America Holding, LLC is Fiat Chrysler Automobiles, N.V., a publically traded company incorporated under the laws of the Netherlands and whose principal place of business is London, England. Krueger Decl., ¶ 4. FCA US LLC's corporate headquarters and principal place of business are located at 1000 Chrysler Drive, Auburn Hills, Michigan. Krueger Decl., ¶ 5.

Plaintiff is a citizen of Moorpark, California, Ventura County, State of California. Corneil Decl. ¶ 7, Ex. A [Compl. 1:23-24].

Because Plaintiff is a citizen of California and Defendant is a citizen of another

state with its principle place of business in Michigan, complete diversity exists.

### B. Amount in Controversy Exceeds $75,000

In determining the amount in controversy, courts look to the "face of the pleadings." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). According to 28 U.S.C. § 1332, the amount in controversy must exceed "the sum or value of $75,000…." *See also Brady v. Mercedes-Benz USA*, Inc., 243 F.Supp.2d 1004 (2002) (holding that: (1) restitution awardable to automobile lessee for violation of Act was limited to recovery of those amounts actually paid under the lease, along with ancillary expenses; (2) proper basis of mileage offset for restitution under Act was actual sales price of automobile, and not total of payments due through lease; and (3) civil penalties under Act, value of relief from lessee's remaining lease payments, and reasonable estimate of attorney fees could all be included in determining whether amount in controversy was satisfied.)

Here, the Complaint alleges the purchase price of the vehicle is approximately $50,099.36. *See* Corneil Decl. ¶ 3. Plaintiff is seeking actual damages of at least the amount spent on the purchase of the vehicle. *See* Corneil Decl. ¶ 8 Ex. A [Compl., 6:14-15]. Along with actual damages and attorney's fees Plaintiff is seeking "a civil penalty of twice the amount of actual damages pursuant to Civil Code section 1794(c)." Corneil Decl. ¶ 5, Ex. A [Compl., 8:2-3]. Plaintiff is therefore seeking, at a minimum, $150,298.08 in actual damages and civil penalties. The amount in controversy satisfies the $75,000 minimum.

### IV. WESTERN DIVISION OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Plaintiff filed the Complaint in the Superior Court for the State of California, County of Los Angeles, which is within this judicial district and division. See 28 U.S.C. § 84(c)(2). This Court is thus the proper court for removal under 28 U.S.C. § 1441(a). FCA reserves the right to seek transfer venue pursuant to applicable law.
///

**V.  NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT**

Promptly after the filing of this Notice, FCA will provide written notice of removal to Plaintiff and the Superior Court and will file a copy of this Notice of Removal with the Clerk of the Los Angeles Superior Court.

Dated:  April 9, 2018                     CLARK HILL LLP

By: _____
Roger G. Perkins
David W. Corneil
Attorneys for Defendant
FCA US LLC